## W. T. HOLLIS v. LOUISA HOLLIS, et al.

VENDOR'S LIEN. *When lost how may be restored. Dower.* A vendor's lien on land may be lost if the vendor agrees to take as a substitute for the purchase money any independent security, but if the purchase money is not, in fact, paid, he may re-acquire the lien by the act of the vendee or other person in privity of estate. Thus, a title bond by A to B covenants that B might pay the consideration by extinguishing A's liability on a note held by C, which B did by substituting his own note with C in lieu of the one so held. A afterwards stayed the judgment on this substituted note. B sold the land to D in consideration of the discharge of the judgment by him, assigning him the title bond received from A. D paid part of the judgment, and executed

Hollis *v.* Hollis.

his note to A for the balance, who, as stayor, was compelled to pay it, reciting on its face that it was given for the balance due on the land, and that it is a charge thereon.

*Held,* That the lien of A became thereby revived, and that D's widow was dowable of the surplus after its satisfaction.

Authorities cited: 1 Lead. Cases Eq., 355; Hecht *v.* Spears, 11 Am. Reports, 786.

## FROM ROBERTSON.

Appeal from the Chancery Court. CHARLES G. SMITH, Chancellor.

JNO. E. & A. E. GARNER for complainant.

E. A. HICKS and BENTON for defendant.

SNEED, J., delivered the opinion of the Court.

The bill is filed by complainant, W. T. Hollis, against J. S. Hollis, Louisa Hollis, and others, the administrator, widow, and heirs of Wilson L. Hollis, deceased, to enforce the vendor's lien upon a tract of land of one hundred acres, upon the facts following:

The complainant, in 1847, sold the land to Bradford Clinard for $200, by title bond, covenanting therein that the said Clinard might pay said purchase money by assuming, discharging, and delivering to the complainant a promissory note for that amount, which the complainant owed to one Hugh Smiley. On the 7th of September, 1849, the said Clinard agreed with said Smiley that the latter should cancel and deliver the complainant's note in consideration of the said Clinard's note, with security, and accordingly Clinard executed

his note, with security, to Smiley for the amount of complainant's note, thus extinguishing complainant's liability to Smiley. The complainant afterwards wrote the following memorandum on the title bond he had executed to Clinard: "Know all men by these presents that I, Wm. T. Hollis, do hereby *revive and put in full force* the within bond, because the said Bradford Clinard has this day made the payment therein required, and is therefore entitled to a deed for the land therein described." No deed was, however, made, and the legal title to the land is still in the complainant, who claims that under the novel complications of fact which followed, his purchase money has never, in fact, been paid, and that he is entitled to the vendor's lien. These facts are as follows: A few days after the endorsement on the title bond above quoted, Clinard assigned the title bond to his sureties on the Smiley note by way of indemnity for their liability thereon. No question, however, arises out of that proceeding. In November, 1851, a judgment was rendered by a Justice on the Smiley note against Bradford Clinard and his sureties, and the complainant became the stayor of said judgment. In May, 1852, Clinard sold the land to Wilson L. Hollis, the husband of the defendant Louisa Hollis, and, as we have seen, the intestate of defendant, J. S. Hollis, and the father of the other defendants, for $300, and assigned the title bond to him. He made this sale doubtless to discharge the Smiley judgment, Wilson L. Hollis then and there paying a small amount of the purchase money in cash,

and agreeing to pay off the Smiley judgment.  He did pay a portion of it, but the complainant, as stayor, had to pay the balance of $168, and for this amount, Wilson L. Hollis executed to complainant his note, which note, he states on the face thereof, is given for the balance he owes complainant on the land, and admits that the same is a charge on the land.  It is for this amount, so paid by complainant as stayor, and so secured by the note of Wilson L. Hollis, that he claims a lien on the land, the said Wilson L. Hollis having died in 1861, leaving the note unpaid.

At the November Term, 1866, of the Chancery Court at Springfield, Chancellor Barry then presiding, a decree was rendered for complainant, and the land was sold to enforce the lien.  But before the confirmation of the report of sale, the complainant, Louisa Hollis, the widow of Wilson L. Hollis, who had theretofore made no defence, and as against whom a decree *pro confesso* had been entered, intervened by bill of review to vacate the former decree "for fraud and error of law apparent," and set up her claim to dower in the land, and on her behalf it is urged that by the transactions aforesaid between the complainant and Bradford Clinard, the vendor's lien had been extinguished.  In the meantime, the estate of her deceased husband had been settled under the laws for the administration of insolvent estates, the complainant confiding in his alleged lien, having failed to become a party to the insolvent proceeding, and file his note for *pro rata* payment out of the assets of said estate.

Upon the final hearing of the causes together, before Chancellor Smith, a decree was rendered against the complainant's lien, allowing the widow's dower, but ordering the land to be sold subject to the dower, and out of the proceeds of said sale directing the *pro rata* payment of complainant's debt.

By appeal and writ of error the whole case is here for revision. If the decree be correct in disallowing the complainant's lien, then it was correct in allowing the widow's dower, but erroneous in ordering the sale of the land and the payment of the complainant's debt *pro rata*. The complainant is not in an attitude, in this case, to demand a sale otherwise than for the specific purpose of enforcing his equities against the land on the sole hypothesis that he has not been paid for it. Having elected to rely on his lien rather than file his claim against the estate, he is estopped from claiming *pro rata* payments, or at all events cannot claim it in this case. The sole question to be determined then, as to him is, has he a lien on the land upon the facts stated.

We concede the correctness of the principle that if the vendor of land deliberately agrees to take anything as a substitute for the purchase money, he will lose the lien. 1 Lead. Cas. Eq., 355. And having once lost the lien, he cannot re-acquire it except by the act of the vendee, or some other person who is privy in estate. And it is indispensably necessary to the existence of such a lien that the parties should stand in the relation to each other of vendor and

vendee of real estate, the purchase money of which has not been paid. The simple relation of debtor and creditor is incompatible with the existence of this species of lien. *Hecht* v. *Spears,* 11 Am. Rep., 786.

We have here, then, a case where the vendor retains the legal title, and the purchase money has not, as a matter of fact, been paid. A Court of Equity would not, in such case, compel him to surrender the legal title. The effect of his covenant with Clinard was that he was absolutely to be discharged from all liability on the Smiley debt. This covenant on the part of Clinard was performed, and, perhaps, as between them, the lien was extinguished. But the second vendee is a privy in estate, and must look to the complainant alone for the legal title. He agrees to discharge the judgment for which the complainant was bound, and this judgment grew out of the original consideration for the land. The complainant's liability for this judgment was voluntarily assumed, and had no necessary connection with the relation of the parties as vendor and vendee, and the payment thereof by complainant could not, perhaps, of itself have affected his *status* towards Clinard, as already fixed by the performance of the covenants of the title bond. But Wilson L. Hollis buys the land with full knowledge of all the facts. He knows that the original consideration was Clinard's assumpsit of the Smiley debt. He agrees to pay the debt in part consideration for the land, and actually executes his note to the complainant for the balance unpaid, admitting it to be the balance due on

34—VOL. 4.

the land, and a charge upon it.    This note was executed upon a sufficient consideration.    The complainant held the legal title, and it was this the second vendee was buying, but which he failed to perfect his right to by discharging his note.

We think the land is bound for the complainant's debt.    Let a decree be entered accordingly.    The widow will be endowed of any surplus of the proceeds after complainant's debt is paid.